Pfleger, J.
Heard on motion to make amended petition definite and certain.
The original petition against the estate of Leo Schott, late *271 treasurer of this county, and his bondsmen,' set forth that as treasurer Schott received checks and moneys for taxes which he deposited in certain banks, received certain certificates of deposit from such banks and upon such deposits received interest amounting to certain sums, for which judgment is demanded. Separate causes of action cover receipts of interest from separate banks. Various motions to make definite and certain were filed by the defendants. The court granted the motions to the extent of requiring the plaintiff to state (1) the amount and number of checks and the amount of money received and the dates when deposited; (2) the amounts of interest and when received by Schott, and (3) stating whether or not Shcott had accounted for all taxes paid to him by tax-payers.
Thereupon the prosecuting attorney filed an amended petition in which he set forth in one schedule indiscriminately the deposits in each bank, both in checks and moneys, together with dates. In another schedule he set forth the amounts and dates of payment of interest made by the banks to Schott “upon said deposits, ’ ’ which it is alleged were for taxes and assessments. There is no inference that interest was paid on private funds, nor is plaintiff’s claim based on interest paid outside'of the list in the schedules. He also complied with the third objection above set forth.
The defendants now come and by separate motions move to make the amended petition definite and certain by stating (1) what portions of deposits consisted of cash and checks, respectively; (2) what portions of interest were paid on deposits of cash and checks, respectively, and (3) what portions of the interest was received on, or because of, the deposits set forth in the schedule.
Thereupon the prosecuting "attorney filed an affidavit in which he said that he did not know what part of the interest was paid on the deposits, or what part was in checks or cash. Held:
1. The affidavit on this point is irregular, unknown to the practice, and can not be received to help out the pleading.
2. It is immaterial what portions of the deposits were in checks or cash, because—
(a). A closer inspection of the pleadings develops that no *272 cause of action is predicated upon the deposits, but only upon the receipt of interest on deposits.
C. O. Rose, Assistant Prosecuting Attorney, for plaintiff.
Paxton & Warrington, Kramer & Kramer, O. H. Fisk, Maxwell & Ramsey, Crosley, Rogers & Beatty, J. D. Creed, F. P. Muhlauser and Albert Bettinger, contra.
(b) . It is doubtful whether these allegations are not mere surplusage.
(c) . It does not follow that if the deposits of cheeks were set forth, it would aid in the determination of the question argued by counsel that the bondsmen would not be liable on checks deposited by the treasurer, either before or after they were collected or reduced to cash. It is unnecessary to express an opinion now as to .the liability of the bondsmen because of the acceptance of checks and the payment of interest thereon.
(d) . No such demand was made by the prior motion or the order of the court.
3. It is immaterial what portions of the interest were paid on deposits and what portion on checks, for the reason stated in (c) above.
4. The amended petition does state what part of the interest was paid on deposits. It recites “upon said deposits,” meaning all of said deposits.
5. The amended pleading substantially conforms to the motions heretofore granted and ruled upon by the court. It does not appear from the papers that counsel required the statement of the cash and checks separately. Éven if it did, the practice is not to renew the same motion.
6. Counsel could have forseen all these defects before filing the first motion and demanded such an amendment to the original petition. It is not proper practice to permit counsel to file motions which they could have filed on the prior pleading. The rule is, that a party who seeks to take advantage of irregularities which are known and might have been brought out, must bring forward all his objections on the original motion at once, and not parcel them out and produce them piecemeal. See 14 Enc. PI. & Pr., 184.
For the reasons given all the motions are overruled.